FILED

2014 FEB -6  PM 4:07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2013 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 14- **CR 14 00069** |
| Plaintiff, | ) | I N D I C T M E N T |
| v. | ) | [18 U.S.C. § 241: Conspiracy Against Rights; 18 U.S.C. § 242: Deprivation of Rights Under Color of Law; 18 U.S.C. § 1519: Falsification of Records; 18 U.S.C. § 2(a): Aiding and Abetting] |
| JOEY AGUIAR and MARIANO RAMIREZ, | ) | |
| Defendants. | ) | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.   The Los Angeles County Sheriff's Department ("LASD") was a law enforcement agency within the Central District of California.  Among other things, the LASD was responsible for managing the Los Angeles County Jails.

2.   The Los Angeles County Men's Central Jail ("MCJ") was one of the Los Angeles County Jails and was staffed by LASD personnel, including deputy sheriffs.  Deputy sheriffs were

1   responsible for helping to maintain order at and provide

2   security within the MCJ.

3         3.   Defendant JOEY AGUIAR ("AGUIAR") and defendant MARIANO

4   RAMIREZ ("RAMIREZ") were LASD deputy sheriffs assigned to work

5   at the MCJ.

6         4.   In or about February 2009, victim-inmate BP was an

7   inmate housed on the third floor, otherwise known as the "3000

8   floor," at the MCJ awaiting trial and the adjudication of an

9   alleged parole violation.

10         5.   To "waist chain" an inmate at the MCJ, deputies would

11   place around the inmate's waist a metal chain with a pair of

12   handcuffs attached to each end, securing one cuff to each of the

13   inmate's wrists and the remaining two cuffs to the metal chain

14   around the inmate's waist.

15         6.   These introductory allegations are hereby incorporated

16   by reference into each count of this Indictment as though fully

17   set forth therein.

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

COUNT ONE

[18 U.S.C. § 241]

A.    OBJECTS OF THE CONSPIRACY

On or about February 11, 2009, in Los Angeles County, within the Central District of California, defendants AGUIAR and RAMIREZ, and others known and unknown to the Grand Jury, conspired and agreed to injure, oppress, threaten, and intimidate victim-inmate BP, a person of the State of California, in the free exercise and enjoyment of the right secured to him under the Constitution and laws of the United States not to be deprived of liberty without due process of law, which includes:

1.    The right of a pretrial detainee not to be subjected to a law enforcement officer's use of force amounting to punishment; and

2.    The right not to be subjected to prosecution based on falsified evidence by one acting under color of law.

B.    MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1.    Defendants AGUIAR and RAMIREZ, along with others known and unknown to the Grand Jury, would strike; kick; use Freeze +P spray, also known as Oleoresin Capsicum spray, also known as pepper spray; strike with a flashlight; and otherwise physically assault victim-inmate BP without justification.

2.    Defendants AGUIAR and RAMIREZ, along with others known and unknown to the Grand Jury, would conceal their conduct and

3

attempt to subject victim-inmate BP to false prosecution by, among other things:

      a.   Creating and submitting reports that falsely claimed that victim-inmate BP had assaulted the deputies.

      b.   Attempting to have victim-inmate BP falsely charged with and prosecuted for assaulting the deputies.

C.   <u>OVERT ACTS</u>

     In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants AGUIAR and RAMIREZ, along with others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, including but not limited to the following:

   1.   On or about February 11, 2009, defendant AGUIAR struck victim-inmate BP while victim-inmate BP was handcuffed and waist chained.

   2.   On or about February 11, 2009, defendant RAMIREZ struck victim-inmate BP while victim-inmate BP was handcuffed and waist chained.

   3.   On or about February 11, 2009, defendant AGUIAR kicked victim-inmate BP in the head and upper-body areas.

   4.   On or about February 11, 2009, defendant RAMIREZ kicked victim-inmate BP in the head and upper-body areas.

   5.   On or about February 11, 2009, defendant RAMIREZ used Freeze +P spray, also known as Oleoresin Capsicum spray, also known as pepper spray, on victim-inmate BP.

   6.   On or about February 11, 2009, defendant RAMIREZ struck victim-inmate BP with a flashlight.

7.    On or about February 11, 2009, defendant AGUIAR wrote a false report concerning the use of force on victim-inmate BP.

8.    On or about February 11, 2009, defendant RAMIREZ wrote a false report concerning the use of force on victim-inmate BP.

9.    On or about February 11, 2009, defendants AGUIAR and RAMIREZ, and others known and unknown to the Grand Jury, submitted false reports to the LASD concerning the use of force on victim-inmate BP, thereby causing LASD personnel to begin the process for referring victim-inmate BP for prosecution on new criminal charges.

COUNT TWO

[18 U.S.C. §§ 242, 2(a)]

On or about February 11, 2009, in Los Angeles County, within the Central District of California, defendants AGUIAR and RAMIREZ, and others known and unknown to the Grand Jury, then sworn law enforcement officers and deputy sheriffs employed by the Los Angeles County Sheriff's Department, each aiding and abetting each other, while acting under color of law, assaulted victim-inmate BP, which resulted in bodily injury to victim-inmate BP, and thereby willfully deprived victim-inmate BP of the right and privilege secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law, which includes the right of a pretrial detainee not to be subjected to a law enforcement officer's use of force amounting to punishment.

COUNT THREE

[18 U.S.C. § 1519]

On or about February 11, 2009, in Los Angeles County, within the Central District of California, defendant AGUIAR knowingly falsified and made false entries in records and documents with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Department of Justice, and in relation to and in contemplation of any such matter, in that defendant AGUIAR submitted a report that falsely stated, among other things, that victim-inmate BP had attempted to head butt deputy AGUIAR's face and that victim-inmate BP violently kicked at deputy AGUIAR, when in fact, as defendant AGUIAR knew, victim-inmate BP had not attempted to head butt deputy AGUIAR's face and had not violently kicked at deputy AGUIAR.

COUNT FOUR

[18 U.S.C. §§ 1519]

On or about February 11, 2009, in Los Angeles County, within the Central District of California, defendant RAMIREZ knowingly falsified and made false entries in records and documents with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Department of Justice, and in relation to and in contemplation of any such matter, in that defendant RAMIREZ submitted a report that falsely stated, among other things, that victim-inmate BP viciously kicked his legs at

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    deputies, and thereafter continued to kick his legs violently at

2    deputies, when in fact, as defendant RAMIREZ knew, victim-inmate

3    BP had not viciously kicked his legs at deputies and did not

4    continue to violently kick at deputies thereafter.

5

6                                   A TRUE BILL

7

8                                  /s/
                                 Foreperson

9    ANDRÉ BIROTTE JR.
     United States Attorney

10

11

12    ROBERT E. DUGDALE
     Assistant United States Attorney

13    Chief, Criminal Division

14    LAWRENCE S. MIDDLETON
     Assistant United States Attorney

15    Chief, Public Corruption & Civil Rights Section

16

17    BRANDON D. FOX
     LIZABETH A. RHODES
     MARGARET L. CARTER

18    Assistant United States Attorneys
     Public Corruption and Civil Rights Section

19

20

21

22

23

24

25

26

27

28