EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JENNIFER L. WILLIAMS (Cal. Bar No. 268782)
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-5862/2091
     Facsimile:    (213) 894-6436
     E-mail:       jennifer.williams6@usdoj.gov
                   mack.jenkins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-69-BRO |
|---|---|
| Plaintiff, | AGREEMENT REGARDING WAIVER OF APPEAL AND POST-TRIAL MOTIONS RELATING TO COUNTS THREE AND FOUR IN EXCHANGE FOR DISMISSAL OF COUNT TWO AND STIPULATION OF GUIDELINE FACTORS |
| v. | |
| JOEY AGUIAR and MARIANO RAMIREZ, | |
| Defendants. | |

     1.   This constitutes the agreement between defendant JOEY AGUIAR, both individually and by and through his counsel of record, Evan A. Jenness, defendant MARIANO RAMIREZ, both individually and by and through his counsel of record, Vicki I. Podberesky, and Plaintiff United States of America, by and through its counsel of record, and the United States Attorney for the Central District of California ("USAO") and Assistant United States Attorneys Jennifer L. Williams and Mack E. Jenkins (the "Agreement").  The Agreement is limited to

the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## PACKAGE DEAL

2. Defendants JOEY AGUIAR and MARIANO RAMIREZ (collectively, "defendants") understand and agree that this Agreement is part of a "package deal" in which the disposition of the case against each defendant is tied to and conditioned on the disposition of the case against the other defendant. Accordingly, defendants and the USAO agree that this Agreement and the obligations it creates will not become binding on the USAO and either defendant unless and until both defendants execute this Agreement and enter into it in open court in accordance with this Agreement. Defendants acknowledge that defendants have discussed with defendants' attorneys, and carefully considered, the possible advantages and disadvantages to defendants of entering into this Agreement as part of the package deal; defendants are entering into this Agreement as part of the package deal freely and voluntarily because defendants believe this Agreement and the package deal to be in defendants' best interests; and neither defendant is entering into this Agreement as part of the package deal because of threats, coercion, or other undue influence by the USAO or by the other defendant who is part of the package deal, their counsel, or anyone acting on their behalf.

## WAIVER OF POST-TRIAL MOTIONS

3. On February 2, 2016, defendant AGUIAR was convicted of Count Three of the Indictment in the above-captioned case, and defendant RAMIREZ was convicted of Count Four of the Indictment in the above-captioned case, each charging a violation of 18 U.S.C.

§ 1519.  Defendants understand that by this Agreement each defendant is waiving and giving up any right to file a motion with the court seeking judgment of acquittal or a new trial for Counts Three and Four.

## WAIVER OF APPEAL AND COLLATERAL ATTACK

4.  Defendants understand that by this Agreement each defendant is waiving and giving up any right to appeal each defendant's convictions on Counts Three (AGUIAR) and Four (RAMIREZ).

5.  Defendants further agree that each defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is at or below 27 months; (c) the fine imposed by the court, provided it is within the statutory maximum; (c) the term of supervised release imposed by the Court, provided it is within the statutory maximum; and (d) any of the conditions of supervised release imposed by the Court.  The USAO agrees that, provided the Court imposes a term of imprisonment of no less than 21 months, the USAO gives up its right to appeal any portion of the sentence.

6.  Defendants also give up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

7.  Defendants agree that they will not file a notice of appeal inconsistent with the agreements in paragraphs 4 and 5 and that filing a notice of appeal inconsistent with the agreements in paragraphs 4 and 5 would constitute a breach of this Agreement.

## DISMISSAL OF COUNT TWO

8.   As part of this Agreement, at the conclusion of the hearing where this Agreement is entered in open court, the government will move to dismiss Count Two of the Indictment in the above-captioned case, charging both defendants with a violation of 18 U.S.C. § 242.

## SENTENCING FACTORS

9.   Defendants understand that in determining defendants' sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendants understand that the Sentencing Guidelines are advisory only, that defendants cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

10.   Defendants and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: Obstruction of Justice | 14 | [U.S.S.G. § 2J1.2(a)] |
|---|---|---|

Defendants and the USAO agree **not** to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, <u>with the sole exception</u> that

the government will seek (and the defendants will oppose) a two-level increase under USSG § 3B1.3: Abuse of Position of Trust.

11. Defendants understand that there is no agreement as to defendants' criminal history or criminal history category.

12. Defendants reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

13. The government reserves the right to argue for a sentence at the high-end of the Guidelines range corresponding to a total offense level of 16 and the criminal history category as determined by the Court.

14. The government reserves the right to argue that a sentence of up to 27 months' imprisonment is warranted based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>REQUEST FOR JUDICIAL FINDING IN COURT OF WAIVER</u>

15. Defendants agree to, orally in open court and upon a colloquy with the Court, confirm the aforementioned waivers as enumerated in this Agreement and confirm that each defendant has knowingly, voluntarily, and without coercion, agreed to each of the terms of this Agreement.

16. The parties request that, at this hearing and after colloquy with each defendant, the Court expressly find that each defendant: (1) entered into this Agreement knowingly, voluntarily, and without coercion; (2) entered into this Agreement because he seeks to receive the benefit provided in this Agreement; and (3) is

satisfied with the performance of his respective attorney in this matter.

### RESULT OF WITHDRAWAL AND/OR BREACH OF AGREEMENT

17. Defendants agree that if, after entering this Agreement, a defendant seeks to withdraw from this Agreement, including by filing a notice of appeal, then (a) the USAO will be relieved of all of its obligations under this Agreement; (b) should the USAO choose to pursue Count Two that was dismissed as a result of this Agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this Agreement and the filing commencing any such action; and (ii) defendants waive and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendants' signing this Agreement.

18. Defendants agree that if defendants, at any time after the signature of this Agreement and execution of all required certifications by defendants, defendants' counsel, and an Assistant United States Attorney, knowingly violate or fail to perform any of defendants' obligations under this Agreement ("a breach"), the USAO may declare this Agreement breached.  For example, if any defendant files a notice of appeal after the government has moved to dismiss Count Two, the USAO may declare this Agreement breached.  All of defendants' obligations are material, a single breach of this Agreement is sufficient for the USAO to declare a breach, and defendants shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this

Agreement breached, and the Court finds such a breach to have occurred, then:

    a. The USAO will be relieved of all its obligations under this Agreement; in particular, the USAO will no longer be bound by any agreement: (i) concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crimes of which defendants have been convicted; and (ii) regarding the dismissal of Count Two and (a) any applicable statute of limitations will be tolled between the date of defendant's signing of this Agreement and the filing commencing any action relating to Count Two and (b) defendants waive and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this Agreement.

## EFFECTIVE DATE OF AGREEMENT

19. This Agreement is effective upon signature and execution of all required certifications by defendants, defendants' counsel, and an Assistant United States Attorney.

## COURT AND PROBATION OFFICE NOT PARTIES

20. Defendants understand that the Court and the United States Probation Office are not parties to this Agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

21. Defendants understands that both defendants and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court,

(b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence under § 3553(a), and (c) argue on appeal that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 10 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this Agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the stipulations in this Agreement.

22. Defendants understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendants' waivers and stipulations herein, and defendants will remain bound to fulfill all defendants' obligations under this Agreement. Defendants understand that no one –- not the prosecutor, defendants' attorneys, or the Court –- can make a binding prediction or promise regarding the sentence defendants will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

23. Defendants understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendants or defendants' attorney, and that no additional

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

AGREEMENT PART OF THE HEARING

24.  The parties agree that this Agreement will be considered part of the record of defendants' hearing as if the entire Agreement had been read into the record of the proceeding.

**AGREED AND ACCEPTED**

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

EILEEN M. DECKER
United States Attorney

*/s/ Jennifer L. Williams*                    2/9/16
JENNIFER L. WILLIAMS                          Date
MACK E. JENKINS
Assistant United States Attorneys

## CERTIFICATION OF DEFENDANT

I have read this Agreement in its entirety. I have had enough time to review and consider this Agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. I have discussed the sentencing factors set forth in 18 U.S.C. § 3553(a), the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. I am satisfied with the representation of my attorney in this matter, and I wish to take advantage of the promises set forth in this Agreement, and not for any other reason.

_____        02/08/16
JOEY AGUIAR                             Date
Defendant

10

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am the below-defendant's attorney. I have carefully and thoroughly discussed every part of this Agreement with my client. Further, I have fully advised my client of his rights, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this Agreement; no one has threatened or forced my client in any way to enter into this Agreement; and my client's decision to enter into this Agreement is an informed and voluntary one.

_/s/ Evan A. Jenness_    2/8/2016
EVAN A. JENNESS         Date
Attorney for Defendant
Joey Aguiar

CERTIFICATION OF DEFENDANT

I have read this Agreement in its entirety. I have had enough time to review and consider this Agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. I have discussed the sentencing factors set forth in 18 U.S.C. § 3553(a), the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. I am satisfied with the representation of my attorney in this matter, and I wish to take advantage of the promises set forth in this Agreement, and not for any other reason.

_____       2-9-16
MARIANO RAMIREZ                  Date
Defendant

12

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am the below-defendant's attorney. I have carefully and thoroughly discussed every part of this Agreement with my client. Further, I have fully advised my client of his rights, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this Agreement; no one has threatened or forced my client in any way to enter into this Agreement; and my client's decision to enter into this Agreement is an informed and voluntary one.

_____  2/8/16
VICKI PODBERESKY           Date
Attorney for Defendant
Mariano Ramirez